## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **SUPERIOR OFFSHORE** | § | **CASE NO. 08-32590-H2-11** |
| **INTERNATIONAL, INC.** | § | **(Chapter 11)** |
| | § | |
| Debtor. | § | |
| **H. MALCOLM LOVETT, JR.,** | § | |
| **PLAN AGENT,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | **Adversary No. 09-_____** |
| | § | |
| **TARPON OPERATING AND** | § | |
| **ENERGY, L.L.C.,** | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

H. Malcolm Lovett, Jr. (the "Plan Agent"), the Plan Agent under the First Amended Joint Plan of Liquidation submitted by Superior Offshore International, Inc. (the "Debtor") and the Official Committee of Unsecured Creditors (the "Plan"), files this complaint against Tarpon Operating and Energy, L.L.C. ("Tarpon").

### PARTIES AND JURISDICTION

1.      The Plan Agent may be served in this adversary through the undersigned counsel.

2.      Tarpon is a Texas limited liability company.  Tarpon will be served with this complaint and a summons by serving its president or any other officer at its principal place of business located at 2000 Dairy Ashford, Suite 578, Houston, Texas 77077.  Tarpon will also be served with this complaint and a summons through its resident agent for service, Stephen R. Locke, 2000 Dairy Ashford, Suite 578, Houston, Texas 77077.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (b)(2)(O).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §§ 105 and 541.

**BRIEF STATEMENT OF THE CASE**

6.      The Plan Agent seeks a money judgment against Tarpon for amounts owed plus attorney's fees, costs and interest as allowed by law.

**STATEMENT OF FACTS**

7.      The Debtor filed a voluntary chapter 11 case on April 24, 2008.

8.      On January 28, 2009, the Court entered an order confirming the Plan.  The Plan became effective on February 11, 2009.

9.      Under the Plan, the Plan Agent is granted authority to assert the Debtor's claims and causes of action.

10.     On April 4, 2008, the Debtor and Tarpon entered into a master service agreement under which the Debtor agreed to provide Tarpon with diving services and a support vessel in connection with Tarpon's offshore oil and gas business activities.   The Debtor's rates and charges for the Well-head Intervention Project are set forth in the proposal attached as **Exhibit 1**.

11.     On May 19, 2008, the Debtor forwarded its final invoice to Tarpon for its pre-petition charges totaling $1,666,368.88.  A copy of the invoice is attached as **Exhibit 2**.

12.     On July 22, 2008, Tarpon forwarded a partial payment to the Debtor in the amount of $447,581.  A copy of Tarpon's check is attached as **Exhibit 3**.

13.     The balance owing to the Debtor by Tarpon is $1,218,787.88.

14. After the bankruptcy filing, the Debtor contacted Tarpon in an effort to resolve any remaining disputes over the outstanding balance owed by Tarpon. An email outlining the procedure agreed upon by the parties is attached as **Exhibit 4**. Despite the Debtor's repeated attempts to implement the foregoing procedure, Tarpon has refused to participate in any discussion or to pay the amount owed to the Debtor.

## BREACH OF CONTRACT

15. Tarpon agreed to pay the Debtor for its services pursuant to a written agreement. All services were rendered in a professional and competent manner. All conditions precedent to payment have been met, waived or excused. Tarpon's failure to pay the amount owed constitutes a breach of the agreement between the parties. The Plan Agent seeks all actual damages of not less than $1,218,787.88 caused by Tarpon's breach, including attorney's fees, costs and interest as allowed by applicable law.

## SUIT ON SWORN ACCOUNT

16. The Plan Agent seeks judgment by virtue of sworn account. Pursuant to the written agreement between the parties, the Debtor invoiced Tarpon for equipment and services in the amount of $1,666,368.88.

17. The rates charged by the Debtor are established by the written contract between the parties and are the usual, customary and reasonable prices charged for such equipment and services. This account represents the record of the transactions the Debtor systematically kept in the ordinary course of its business and is supported by the affidavit of H. Malcolm Lovett, Jr., which is attached as **Exhibit 5**.

18. The Debtor has not received payment in the amount of $1,218,787.88. This amount is certain, due, owing, and unpaid by Tarpon after all just and lawful offsets, payments,

and credits have been allowed.   Based on the foregoing, the Debtor seeks judgment against Tarpon on this account in the amount of $1,218,787.88.

### QUANTUM MERUIT

19.      In the alternative, the Debtor seeks a judgment against Tarpon under the theory of *quantum meruit*.  The Debtor provided valuable services and equipment to Tarpon for the repair of Tarpon's property.   The prices charged by the Debtor were reasonable for the equipment and services provided.  Tarpon accepted such services and equipment with notice and knowledge that the Debtor expected to be paid for the services and equipment provided.

20.      Tarpon refuses, however, to pay the Debtor the sum of $1,218,787.88 for such services and equipment.  The Debtor has been damaged in such amount for the services and equipment provided, and seeks recovery of such damages in addition to all interest, costs and attorney's fees allowed by law.

### ATTORNEY FEES, INTEREST AND COSTS

21.      The Plan Agent requests that pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 and other applicable law, the Court enter a judgment against Tarpon for his reasonable attorney's fees.  The Plan Agent also requests the award of pre- and post-judgment interest at the maximum rate provide by law and court costs.

### PRAYER

Accordingly, the Plan Agent requests the entry of a judgment against Tarpon consistent with the above-stated causes of action and all such other and further relief to which the Plan Agent may be entitled.

**Dated: March 6, 2009.**

Respectfully submitted,

**Porter & Hedges, LLP**

_ECF_

David R. Jones
State Bar No. 00786001/S.D. Tex. No. 16082
Joshua W. Wolfshohl
Texas State Bar No. 24038592
Thomas A. Woolley, III
State Bar No. 24042193
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6653 (direct line)
(713) 226-6253 (direct fax)
**Attorneys for the Plan Agent**



CLIENT: Tarpon

Project: Well-head Intervention Project

# Superior Offshore International, Inc.
## Diving Services Proposal



Superior Offshore Quote#:  **D-8078-08-Addendum 3**

Superior Offshore International, Inc.

717 Texas Avenue, Suite 3150, Houston, Texas, 77002

OFFICE: (713) 910-1875 FAX: (713) 910-1881

www.superioroffshore.com

**CONFIDENTIALITY**

This document is the exclusive property of Superior Offshore International, Inc. It has been provided for the purpose for which it has been supplied and is not for general disclosure. The person or entity receiving this document agrees to ensure the information contained herein is only disclosed to those persons or entities having a legitimate right to receive it. The recipient should further note that this document is not to be distributed or disclosed in whole or in part to any third parties without the prior written consent of Superior Offshore International, Inc.

| Rev # | Description | Prepared | Reviewed | Approved | Document No. |
|---|---|---|---|---|---|
| 003 | Gulmar Falcon DP-II Proposal | G.Einkauf | N.Medrano | N.Medrano | SOI-ED-CEW-GFP-0013-002 |

| DIVING SERVICES PROPOSAL FORM | Date 04/01/2008 | Page 1 of 17 |
|---|---|---|

**EXHIBIT**

**1**



CLIENT: Tarpon

Project: Well-head Intervention Project

## TABLE OF CONTENTS

SECTION    CONTENTS                                                                    PAGE

TABLE OF CONTENTS ...................................................................... 2

2  INTRODUCTION ......................................................................... 3
   2.1 DIVING REGULATIONS ............................................................. 3
   2.2 COMMITMENT TO SAFETY ........................................................ 3
   2.3 SAFETY STATISTICS ............................................................... 3
   2.4 SCOPE OF WORK ................................................................... 3

3  DEFINITIONS ............................................................................ 4
   3.1 GLOSSARY .......................................................................... 4

4  GENERAL CRITERIA .................................................................... 5

5  LIST OF PERSONNEL .................................................................. 6
   5.1 PERSONNEL (24 HOUR OPERATIONS EXCLUDING OVERTIME) .................. 6
   5.2 PERSONNEL OVERTIME RATE (AFTER 12 HOURS) ............................. 6
   5.3 ADDITIONAL / THIRD PARTY SERVICES / Equipment .......................... 7
   5.4 CONSUMABLES ...................................................................... 7

6  SUPERIOR OFFSHORE DIVING SUPPORT VESSEL PRICING ..................... 8
   6.1 DIVING SUPPORT VESSEL .......................................................... 8
   6.2 EQUIPMENT ........................................................................... 8
   6.3 TOTAL DAY RATE* ................................................................... 9
   6.4 MOBILIZATION / DEMOBILIZATION ................................................ 9
   6.5 DEPTH PREMIUM CHART (APPLICABLE ONLY FOR SURFACE DIVING) ......... 9

7  TERMS AND CONDITIONS ............................................................. 11
   7.1 CONDITIONS OF DIVING RATES .................................................. 11

8  TERMS AND CONDITIONS – EQUIPMENT .......................................... 11
   8.1 CONDITIONS OF EQUIPMENT RATES ............................................ 11

9  TERMS AND CONDITIONS - CLIENT ................................................. 12
   9.1 PROVISIONS BY CLIENT ........................................................... 12

10 TERMS AND CONDITIONS – OTHER ................................................. 12
   10.1    CONDITIONS OF EQUIPMENT RATES ........................................ 12

11 TERMS AND CONDITIONS OF PERSONNEL ......................................... 14
   11.1    PERSONNEL ..................................................................... 14

12 TERMS AND CONDITIONS FOR DSV ................................................. 15
   12.1    DIVING SUPPORT VESSEL .................................................... 15

ATTACHMENT 1 – ACKNOWLEDGEMENT OF CONTRACT ............................. 17



CLIENT: Tarpon

Project: Well-head Intervention Project

## 2   INTRODUCTION

### 2.1   DIVING REGULATIONS

All diving services will be performed in accordance with OSHA, U.S. Coast Guard, and The International Marine Contractors Association & Guidelines.

### 2.2   COMMITMENT TO SAFETY

Superior Offshore International Inc.(hereafter referred to as "SOI"), founded in the belief that our most valuable asset is our employees, is committed to serving our domestic and international clients in the safest and most cost-effective manner. Superior Offshore International Inc. values the lives of our employees, our clients and the equipment and property we utilize and service. As a result of our strict safety procedures and constantly updated and improved upon operational practices, Superior Offshore International Inc. has demonstrated a strong safety record in the subsea service industry spanning 40 years.

### 2.3   SAFETY STATISTICS

Total Recordable Incident Rate = # of Recordable Cases (Medical, LTI, & Restricted Duty Cases) x 200,000 Man-Hours Worked

Lost Time Incident Rate = # Lost Work Day Cases x 200,000 Man-Hours Worked

Severity Rate = # of Lost Work Days x 200,000 Man-Hours Worked

| Year | Employee Hours | Recordable Cases | Lost Work Day Cases | Number of Fatalities | TRIR | LTRIR | # of Lost Work Days | Severity Rate | EMR |
|------|----------------|------------------|---------------------|----------------------|------|-------|---------------------|---------------|-----|
| YTD07 | 1,107,204.48 | 6 | 0 | 1 | 1.08 | 0.00 | 0 | 0.00 | 0.8 |
| 2006 | 1,118,363 | 6 | 2 | 0 | 1.07 | 0.36 | 30 | 5.36 | 0.8 |
| 2005 | 546,405 | 4 | 1 | 0 | 1.46 | 0.37 | 66 | 24.16 | 0.9 |
| 2004 | 276,637 | 5 | 1 | 0 | 3.61 | 0.72 | 11 | 7.95 | 1 |
| 2003 | 243,000 | 4 | 3 | 0 | 3.29 | 2.47 | 116 | 95.47 | N/A |
| 2002 | 150,344 | 2 | 2 | 0 | 2.66 | 2.66 | 104 | 138.35 | N/A |
| 2001 | 124,495 | 2 | 1 | 0 | 3.21 | 1.61 | 7 | 11.25 | N/A |

### 2.4   SCOPE OF WORK

The scope of work will be performed with diving services. It is understood that the following tasks will comprise the scope of work:

Diving Support Vessel and diving services as described by the client to Well-head intervention Project and work as directed.



CLIENT: Tarpon

Project: Well-head Intervention Project

## 3  DEFINITIONS

### 3.1 GLOSSARY

API-American Petroleum Institute

APS-Alternative Positioning Solutions

CFM-Cubic Feet Per Minute

CP-Cathodic Protection

CST-Central Standard Time

DGPS-Differential Global Positioning System

DP-Dynamic Positioning

DPR-Daily Progress Report

DSV-Divers Support Vessel

EMR-Experience Modification Rating

ETC-Exedra

FSW-Feet Sea Water

FT-Feet

GOM-Gulf of Mexico

GPS-Global Positioning System

GVI-General Visual Inspection

HAZOP-Hazards and Operability Safety System

HiPAP-High Precision Acoustic Positioning

HRC-Hyperbaric Rescue Chamber

HSE-Health Safety and Environment

HVTV-High Voltage Transformer Unit

IHPU-Isolated Hydraulic Power Unit

IMCA – International Marine Contractors Association

JSA-Job Safety Analysis

LARS-Launch and Recovery

LBS-Pounds

LOTO-Lock-Out/Tag-Out

LST-Life Support Technician

LTI -- Lost Time Incident

LTRIR-Lost Time Incident Rate

MSDS-Material Safety Data Sheet

NA-Not Applicable

NAS-National Aerospace Standard

NORM-Naturally Occurring Radioactive Material

O2-Oxygen

OHSA-Occupational Health and Safety Administration

PDU-Power Distribution Unit

PPE-Personnel Protection Equipment

PSI-Pounds Per Square Inch

PTW-Permit to Work

ROV-Remote Operated Vehicle

SAT-Saturation

SOI-Superior Offshore International

SIMOPS-Simultaneous Operation

TBD-To be Determined

TRIR-Total Recordable Incident Rate

USBL-Ultra Short Base Line

USD-United States Dollar

VAT-Value Added Tax



CLIENT: Tarpon

Project: Well-head Intervention Project

## 4    GENERAL CRITERIA

| | |
|---|---|
| Client: | Tarpon |
| Contact: | Steve Locke |
| Address: | 2000 Dairy Ashford, Suite 578, Houston, Texas 77077 |
| Phone Number: | 281-493-6262 |
| Location: | WC 616 & SMI 195 |
| Water Depth: | 315' Max |
| Vessel: | Gulmar Falcon / Superior Endeavour – DP-II |
| Validity: | 30 days |
| Project Date: | TBD |
| Project Duration: | TBD |



CLIENT: Tarpon

Project: Well-head Intervention Project

## 5    LIST OF PERSONNEL

### 5.1    PERSONNEL (24 HOUR OPERATIONS EXCLUDING OVERTIME)

1 x Project Manager

1 x Offshore Manager

2 x SAT Supervisors

2 x SAT Techs

6 x SAT Divers

2 x L.S.T.'s

4 x Divers

8 x Tenders

1 x Safety Medic/Clerk

### 5.2    PERSONNEL OVERTIME RATE (AFTER 12 HOURS)

| | |
|---|---|
| Project Manager | N/A |
| Offshore Manager | $   143.00 per hour |
| SAT Supervisors (each) | Day Rate |
| SAT Divers (each) | N/A |
| L.S.T.'s (each) | $   111.00 per hour |
| Divers (each) | $   101.00 per hour |
| Tenders (each) | $     63.00 per hour |
| Safety Medic/Clerk | $   104.00 per hour |



CLIENT: Tarpon

Project: Well-head Intervention Project

## 5.3   ADDITIONAL / THIRD PARTY SERVICES / EQUIPMENT

- Third Party items will be billed at Cost Plus 15%
- Third Party Trucking to be paid by Customer or billed by SOI at Cost Plus 15%
- Dock Fees to be billed at Cost Plus 15%
- Carryall to be billed at Cost Plus 15%
- Third Party subcontractors to be billed at Cost Plus 15%
- Typical Third Party Contractors are listed below
  - Morgan City Rentals
  - Redfish Rentals
  - Mako Technologies
  - A.P.S.

## 5.4   CONSUMABLES

- Job specific consumables, excluding fuel, will be billed at Cost Plus 15%.

  (Fuel is to be provided by the client ; Lubricants and Water are at Cost plus 15%.)

| DIVING SERVICES PROPOSAL FORM | Date 04/01/2008 | Page 7 of 17 |

 **SUPERIOR OFFSHORE**
INTERNATIONAL, INC.

CLIENT: Tarpon

Project: Well-head Intervention Project

## 6   SUPERIOR OFFSHORE DIVING SUPPORT VESSEL PRICING

### 6.1   DIVING SUPPORT VESSEL

- DP-II Vessel "Gulmar Falcon" – Foreign Flagged
- Surveyor with D.G.P.S., U.S.B.L., Provided by APS
- Subsistence for all third party subcontractors and CLIENT
  provided personnel to be billed at $30/Day/Man/Unit
- Lubricants and Water are to be billed at Cost Plus 15%.
- Fuel to be provided by CLIENT and will not incur an upcharge from SOI.

### 6.2   EQUIPMENT

2 – Hot Water

2 – Video Units

1 – Dive Support Package

1 – 900 cfm Roto Screw

1 – 6x6 Jet Pump Package

2 – Hydraulic Pumps

1 – Hydraulic Hose Reel 600ft

2 – Hydraulic Inpacts 1.5

2 – Hydraulic Grinders

2 – Misc Hydraulic Tools

 **SUPERIOR OFFSHORE** INTERNATIONAL, INC.

CLIENT: Tarpon

Project: Well-head Intervention Project

6.3    TOTAL DAY RATE*

## Total Day Rate for Vessel, Surveyor, Personnel, Equipment & Typical Diving Consumables
### (Excluding Job Specific Consumables)

## $ 119,000/Day

*Day Rate commences when 1st piece of CLIENT equipment is loaded on to Vessel at dockside.

*Day Rate ceases when last piece of CLIENT equipment is off-loaded from Vessel at dockside.

6.4    MOBILIZATION / DEMOBILIZATION

- Vessel Relocation to be billed at Hourly Rate

- Surveyor APS to be billed at Cost Plus 15%

- Personnel Transportation to be billed at Cost Plus 15%

- Dockside Services are client's responsibility or SOI can arrange and bill services at Cost Plus 15%.

- Vessel Mobilization/Demobilization if from Fourchon, LA.

6.5    DEPTH PREMIUM CHART (APPLICABLE ONLY FOR SURFACE DIVING)

| Depth Premium (in feet): | Rate Per Foot: |
|---|---|
| 0 – 100 | $2 / ft. |
| 101 – 150 | $4 / ft. |
| 151 – 200 | $6 / ft. |
| 201 – 250 | $8 / ft. |
| 251 – 300 | $10/ ft. |

Depth premium will be charged for the deepest dive per diver in each calendar day and for each dive when repetitive diving occurs.  The **SAT Superintendent and SAT Supervisors** will be credited for the deepest dive of the day.  The rate chart above is cumulative.



CLIENT: Tarpon

Project: Well-head Intervention Project

6.6   DESATURATION CHARGES

## Day Rate for Vessel, Personnel,
## Only while divers are in Decompression Mode Dockside
### (Excluding Job Specific Consumables)

## $ 95,500/Day

### VESSEL
- DP-II Vessel "Gulmar Falcon" – Foreign Flagged
- Subsistence for all third party subcontractors and CLIENT
- Fuel is to be provided by the client
- Lubricants and Water are to be billed at Cost (+) 15%

### PERSONNEL (24 Hour Operations Excluding Overtime):

1 - SAT Supervisor

6 - SAT Divers

1 - SAT Tech

2 - L.S.S.'s

4 - Tenders

### EQUIPMENT:
- SAT System



CLIENT: Tarpon

Project: Well-head Intervention Project

## 7    TERMS AND CONDITIONS

*In the event of a conflict between any **"Terms and Conditions"** and the Master Service Agreement or other agreement between CLIENT and Superior Offshore International, Inc., the **"Terms and Conditions"** contained herein will control aspects not covered by the Master Service Agreement; except as may be specifically agreed to in writing by both parties.*

### 7.1    CONDITIONS OF DIVING RATES

7.1.1  The SOI will not absorb any weather downtime or lapses between projects or camoject. SOI will entertain a reduction of $3500.00 to the working day-rate offshore only if Lump Sum Pricing applies. This is to reflect that NO usage of Diving Gas average per day. System consumption remains, diving consumption is on standby. Reduction is only applicable on full 24-hr standby period. Interim period are not subject to reduction in day-rate.

7.1.2  Typical diving consumables are included in quoted rates. Project specific consumables, such as, but not limited to: reflectors, buoys w/rope, burning or welding rods, burning O2, diving gases, etc. are excluded and will be charged per consumable pricing sheet or at Cost Plus 15%.

## 8    TERMS AND CONDITIONS – EQUIPMENT

### 8.1    CONDITIONS OF EQUIPMENT RATES

8.1.1  Equipment (exclusive of vessels) is allowed 2 hours of maintenance or downtime per day. This time is cumulative with a maximum limit of 24 hours per month, and will not be subject to credit or penalties.

8.1.2  Should Jetting Operations be required for more than 350 feet of water, SOI will require additional equipment which will be at an additional cost to CLIENT.

8.1.3  Should Underwater Burning Operations be required for more than 350 feet of water, SOI will require additional equipment which will be at an additional cost to CLIENT.

8.1.4  Superior Intends to use third party contractors identified in Quote #D-8078-08 Addendum 3. In the event an identified third party is not available or does not have necessary equipment SOI reserves the right to substitute another third party contractor of like Quality & Capability.

| DIVING SERVICES PROPOSAL FORM | Date 04/01/2008 | Page 11 of 17 |
| --- | --- | --- |



CLIENT: Tarpon

Project: Well-head Intervention Project

## 9    TERMS AND CONDITIONS - CLIENT

### 9.1    PROVISIONS BY CLIENT

9.1.1    CLIENT shall provide all dockside / onshore handling, transportation and disposal of salvaged materials, inclusive of NORM testing, if required.  The ownership of said salvaged items, as well as any other equipment / materials removed during these procedures, shall remain the sole property of CLIENT.  Additionally, the CLIENT shall retain any and all obligations / liabilities with respect to any hazardous / industrial wastes and / or NORMS associated therewith.

## 10    TERMS AND CONDITIONS – OTHER

### 10.1    CONDITIONS OF EQUIPMENT RATES

10.1.1    Superior Offshore's proposal is based on operations in currents less than of 1.5 knots. Should current be in excess of 1.5 knots, Superior Offshore International will endeavor to continue operations unless the work presents an operational risk to the ROV. Daily rates shall apply for periods of downtime due to excessive current

10.1.2    COMPANY shall furnish a map setting forth the correct location of all pipelines, platforms, other permanent facilities and obstructions in the area of the work. COMPANY shall release, defend and indemnify CONTRACTOR, its subcontractors and their respective officers, directors, employees and vessels from claims, demands or suits to the extent arising out of errors or omissions in said map.

10.1.3    CONTRACTOR shall submit its invoices every fifteen (15) days or upon completion of project, whichever is shorter. COMPANY shall make payment of all undisputed portions of invoice within thirty (30) calendar days following receipt of invoice. If COMPANY reasonably disputes any portion of an invoice, COMPANY shall notify CONTRACTOR in writing of the amount in dispute and the reasons therefore within fifteen (15) calendar days from the date of receipt of such invoice by COMPANY. If notice is not timely given, all amounts will be conclusively deemed to be undisputed.

10.1.4    If COMPANY fails to make payment on any undisputed portion of any invoice within sixty (60) calendar days after receipt of the invoice, interest shall be due on the unpaid amount at the rate 1 ½ % per month or part thereof until payment is made. On all disputed amounts of any invoice subsequently determined to be due, COMPANY shall pay interest at the rate of 1 ½ % per month of the due amount beginning thirty (30) calendar days after the receipt of the original invoice.

10.1.5    Final acceptance of the work and installation will be given by the COMPANY representative before the dive crew demobilizes, and will be conclusive.  Any deficiencies will be remedied prior to said acceptance being given.



CLIENT: Tarpon

Project: Well-head Intervention Project

10.1.6 CONTRACTOR will only warrant its own workmanship, materials, equipment, and services. CONTRACTOR will not be responsible or liable for any deficiency or defects, rental equipment or services provided by third parties. Any downtime incurred by or as a result of third parties will not affect any pricing given by SOI. COMPANY shall not expect or receive any concessions during this downtime from SOI. Should COMPANY desire any discounts or concessions, COMPANY will be required to negotiate any discounts or concessions with the third party responsible for such downtime. Discounts and concessions will come from the third parties only. Third parties to be subject to prior approval by COMPANY.

10.1.7 COMPANY must notify CONTRACTOR within (7) seven working days prior to mobilization if Operator Qualified personnel are required for the specific job scope and indicate specific tasks that will be expected to be performed.



CLIENT: Tarpon

Project: Well-head Intervention Project

## 11  TERMS AND CONDITIONS OF PERSONNEL

### 11.1  PERSONNEL

11.1.1  SOI proposal is contingent upon availability of personnel and equipment.

11.1.2  A qualified tender who makes a dive as required and approved by the customer will be charged as a diver for that day.

11.1.3  The SOI Superintendent will have the ultimate decision concerning safe working conditions.

11.1.4  SOI will rotate Diving crew and Marine personnel every 15-30 days or as the scope of work changes.   All costs associated with the rotation will be charged to the CLIENT'S account.

11.1.5  CLIENT agrees to the following terms, conditions and clarifications: any costs associated with attending pre-job and/or post job meetings (travel, hotel, meals, etc.) required by the CLIENT will be billed at Cost Plus 15%. The amount of $1,000 per person per day for all SOI personnel attending these meetings will be for CLIENT'S account.  Day rate will be in effect from the date SOI Personnel depart their respective facilities, until the date they return.

11.1.6  SOI'S proposal excludes all unforeseen applicable federal and state charges and taxes.  If charges are relevant to this job, SOI will submit price at Cost Plus 15%.

11.1.7  In the event SOI'S SAT divers are required to exceed a depth of 500 fsw, SOI will charge $2/ft. per diver after 500 fsw.

11.1.8  If SOI is not able to commence mobilization activities as provided under this contract by April 15, 2008, Client in its sole discretion may terminate this Contract and have no obligations to SOI hereunder.

 **SUPERIOR OFFSHORE** INTERNATIONAL, INC.

CLIENT: Tarpon

Project: Well-head Intervention Project

## 12   TERMS AND CONDITIONS FOR DSV

### 12.1   DIVING SUPPORT VESSEL

12.1.1 Piloting and other Governmental Fees/Approvals, including but not limited to those required under the Homeland Security Act, for foreign and domestic flagged vessels have not been included in the quoted price.  These fees will be billed to CLIENT at Cost Plus 15%. Any downtime incurred while waiting for piloting and/or U.S. Government approval to be completed is not included and therefore SOI'S hourly rates will be in effect during this downtime, unless due to contractor's negligence in scheduling.

12.1.2 SOI has included an "on-board" survey system for use during construction. CLIENT furnished coordinates of all existing pipelines, obstructions, hazards, pipeline route, right of way, corridor, etc., will be put into the system.  No buoys will be utilized for marking the above.  (As-built drawings will be developed by plotting the vessel track and utilizing a calculated touch down point)

12.1.3 Vessels are each allowed 2 hours of maintenance or downtime per day.  This time is cumulative with a maximum limit of 24 hours per month, and will not be subject to credit or penalties.

12.1.4 SOI reserves the right to alter submittal third party vessel information and/or pricing due to availability and/or market fluctuation.

12.1.5 Costs associated with the disposal of liquid trash or "wet trash", including, but not limited to, any fees required by U.S. Customs or Department of Agriculture for foreign and domestic flagged vessels, have not been included in the quoted price. These costs, including fees, will be billed to the CLIENT at Cost. Any downtime incurred due to the CLIENT'S failure to adhere to SOI'S procedure for "wet trash" disposal is not included in this quote and will be invoiced at SOI'S hourly rate.

12.1.6 The Global Positioning System (GPS) is the property of (and operated by) the US Department of Defense (DOD). As a result S.O.I. will not be responsible for any positioning degradation or omission of positioning directly attributable to the GPS's system.

12.1.7 SOI'S proposal is based on conducting DP trials in accordance with IMCA standard (formerly DPVOA).

12.1.8 D-Sat charges will begin upon arrival at the dock and continue until divers reach the surface plus 24 hours standby on the vessel or they will begin when the vessel starts another project. In the event the vessel starts another project the 24 hours standby on the vessel will be excluded from the D-Sat time. SOI and Client will endeavor to negotiate with other clients if multiple projects are performed concurrently with this one.  Otherwise client is responsible for D-Sat Charges as stated above.  SOI will

| DIVING SERVICES PROPOSAL FORM | Date 04/01/2008 | Page 15 of 17 |
|---|---|---|



CLIENT: Tarpon

Project: Well-head Intervention Project

entertain a reduction in the D-Sat Rate on the 24-hr bend watch standby and such must be negotiated prior the completion of the D-Sat process.



CLIENT: Tarpon

Project: Well-head Intervention Project

## ATTACHMENT 1 – ACKNOWLEDGEMENT OF CONTRACT

Superior Offshore International, Inc.
717 Texas Avenue, Suite 3150
Houston, Texas  77002
(713) 910-1875 phone
(713) 910-1881 fax

Return to estimating@superioroffshore.com

Subject: Proposal Number D-8078-08 Addemdum 3, dated 04/07/08

We hereby acknowledge receipt and confirm our full acceptance of the documents referred to under the subject and hereby fully agree on the contents of it without any reservation whatsoever.

Dated:  _4-7-08_

CLIENT:  _Tarpon Operating & Development LLC_

Printed Name:  _Stephen R. Locke_

Authorized Signature:  _Stephen R. Locke_

| DIVING SERVICES PROPOSAL FORM | Date 04/01/2008 | Page 17 of 17 |

| INVOICE TO: | SOI INVOICE NO.: 10450-08 | INVOICE DATE: May 19, 2008 |
|---|---|---|

**SOI JOB NO.:** 1199-0112
**TERMS:** NET 30 DAYS

TARPON OPERATING & DEVELOPMENT, LLC
2000 DAIRY ASHFORD STREET
HOUSTON, TEXAS 77077

**SOI QUOTE NO.:** D-8078-08
*ADDENDUM 3*

Invoices not paid within 30 days of invoice date will
accrue interest at a rate of 1.5% per month.

**AFE NO.:**

ATTENTION: STEVE LOCKE

**LOCATION:** WC 616 & SMI 195
**VESSEL:** GULMAR FALCON

| DATE | QUANTITY | DESCRIPTION | UNIT | TOTAL |
|---|---|---|---|---|
| 04/11/08 | | **$ 120,672.20**<br>**TOTAL DAY RATE FOR VESSEL, PERSONNEL, EQUIPMENT & TYPICAL** | | |
| | 1 | **DIVING CONSUMABLES** *(Excluding Job Specific Consumables)* | 119,000.00 | 119,000.00 |
| | | **CONSUMABLES** | | |
| | 3362 | GAS CONSUMPTION (CUBIC FEET) | 0.25 | 840.50 |
| | 2 | SODA SORB | 100.00 | 200.00 |
| | | **VESSEL (GULMAR FALCON)** | | |
| | 1.32 | GALLONS LUBE USAGE | 10.86 | 14.34 |
| | 6710 | GALLONS WATER USAGE | 0.01600 | 107.36 |
| | 17 | UNITS OF SUBSISTENCE | 30.00 | 510.00 |
| 04/12/08 | | **$ 120,960.29**<br>**TOTAL DAY RATE FOR VESSEL, PERSONNEL, EQUIPMENT & TYPICAL** | | |
| | 1 | **DIVING CONSUMABLES** *(Excluding Job Specific Consumables)* | 119,000.00 | 119,000.00 |
| | | **CONSUMABLES** | | |
| | 4604 | GAS CONSUMPTION (CUBIC FEET) | 0.25 | 1,151.00 |
| | 1 | SODA SORB | 100.00 | 100.00 |
| | | **VESSEL (GULMAR FALCON)** | | |
| | 1.32 | GALLONS LUBE USAGE | 10.86 | 14.34 |
| | 9684.5 | GALLONS WATER USAGE | 0.01600 | 154.95 |
| | 18 | UNITS OF SUBSISTENCE | 30.00 | 540.00 |
| 04/13/08 | | **$ 120,108.64**<br>**TOTAL DAY RATE FOR VESSEL, PERSONNEL, EQUIPMENT & TYPICAL** | | |
| | 1 | **DIVING CONSUMABLES** *(Excluding Job Specific Consumables)* | 119,000.00 | 119,000.00 |
| | | **CONSUMABLES** | | |
| | 254 | GAS CONSUMPTION (CUBIC FEET) | 0.25 | 63.50 |
| | 2 | SODA SORB | 100.00 | 200.00 |
| | | **VESSEL (GULMAR FALCON)** | | |
| | 17.2 | GALLONS LUBE USAGE | 10.86 | 186.79 |
| | 7396.8 | GALLONS WATER USAGE | 0.01600 | 118.35 |
| | 18 | UNITS OF SUBSISTENCE | 30.00 | 540.00 |
| | | | | **CONTINUED** |



EXHIBIT
2

| INVOICE TO: | | | | INVOICE DATE: May 19, 2008 | |
|---|---|---|---|---|---|
| | | **SOI INVOICE NO.:** 10450-08 | | **TERMS:** NET 30 DAYS | |
| | | **SOI JOB NO.:** 1199-0112 | | Invoices not paid within 30 days of invoice date will | |
| **TARPON OPERATING & DEVELOPMENT, LLC** | | **SOI QUOTE NO.:** D-8078-08 | | accrue interest at a rate of 1.5% per month. | |
| **2000 DAIRY ASHFORD STREET** | | *ADDENDUM 3* | | **AFE NO.:** | |
| **HOUSTON, TEXAS 77077** | | | | **LOCATION:** WC 616 & SMI 195 | |
| **ATTENTION: STEVE LOCKE** | | | | **VESSEL:** GULMAR FALCON | |

| DATE | QUANTITY | DESCRIPTION | UNIT | TOTAL |
|---|---|---|---|---|
| 04/14/08 | | **$ 120,290.85** | | |
| | | **TOTAL DAY RATE FOR VESSEL, PERSONNEL, EQUIPMENT & TYPICAL** | | |
| | 1 | **DIVING CONSUMABLES** *(Excluding Job Specific Consumables)* | 119,000.00 | 119,000.00 |
| | | | | |
| | | **CONSUMABLES** | | |
| | 169 | GAS CONSUMPTION (CUBIC FEET) | 0.25 | 42.25 |
| | 2 | SODA SORB | 100.00 | 200.00 |
| | | | | |
| | | **VESSEL (GULMAR FALCON)** | | |
| | 34.34 | GALLONS LUBE USAGE | 10.86 | 372.93 |
| | 6604.3 | GALLONS WATER USAGE | 0.01600 | 105.67 |
| | 19 | UNITS OF SUBSISTENCE | 30.00 | 570.00 |
| | | | | |
| 04/15/08 | | **$ 121,558.54** | | |
| | | **TOTAL DAY RATE FOR VESSEL, PERSONNEL, EQUIPMENT & TYPICAL** | | |
| | 1 | **DIVING CONSUMABLES** *(Excluding Job Specific Consumables)* | 119,000.00 | 119,000.00 |
| | | | | |
| | | **CONSUMABLES** | | |
| | 6187 | GAS CONSUMPTION (CUBIC FEET) | 0.25 | 1,546.75 |
| | 2 | SODA SORB | 100.00 | 200.00 |
| | | | | |
| | | **VESSEL (GULMAR FALCON)** | | |
| | 19.54 | GALLONS LUBE USAGE | 10.86 | 212.20 |
| | 1849.2 | GALLONS WATER USAGE | 0.01600 | 29.59 |
| | 19 | UNITS OF SUBSISTENCE | 30.00 | 570.00 |
| | | | | |
| 04/16/08 | | **$ 120,305.61** | | |
| | | **TOTAL DAY RATE FOR VESSEL, PERSONNEL, EQUIPMENT & TYPICAL** | | |
| | 1 | **DIVING CONSUMABLES** *(Excluding Job Specific Consumables)* | 119,000.00 | 119,000.00 |
| | | | | |
| | | **CONSUMABLES** | | |
| | 424 | GAS CONSUMPTION (CUBIC FEET) | 0.25 | 106.00 |
| | 2 | SODA SORB | 100.00 | 200.00 |
| | | | | |
| | | **VESSEL (GULMAR FALCON)** | | |
| | 29.05 | GALLONS LUBE USAGE | 10.86 | 315.48 |
| | 7132.7 | GALLONS WATER USAGE | 0.01600 | 114.12 |
| | 19 | UNITS OF SUBSISTENCE | 30.00 | 570.00 |
| | | | | **CONTINUED** |

| INVOICE TO: | | | SOI INVOICE NO.: 10450-08 | | INVOICE DATE: May 19, 2008 |
|---|---|---|---|---|---|

**INVOICE TO:**

TARPON OPERATING & DEVELOPMENT, LLC
2000 DAIRY ASHFORD STREET
HOUSTON, TEXAS 77077

ATTENTION: STEVE LOCKE

SOI INVOICE NO.: 10450-08
SOI JOB NO.: 1199-0112
SOI QUOTE NO.: D-8078-08
*ADDENDUM 3*

INVOICE DATE: May 19, 2008
TERMS: NET 30 DAYS
Invoices not paid within 30 days of invoice date will accrue interest at a rate of 1.5% per month.
AFE NO.:
LOCATION: WC 616 & SMI 195
VESSEL: GULMAR FALCON

| DATE | QUANTITY | DESCRIPTION | UNIT | TOTAL |
|---|---|---|---|---|
| 04/17/08 | | **$ 121,694.56**<br>**TOTAL DAY RATE FOR VESSEL, PERSONNEL, EQUIPMENT & TYPICAL** | | |
| | 1 | **DIVING CONSUMABLES** *(Excluding Job Specific Consumables)* | 119,000.00 | 119,000.00 |
| | | **CONSUMABLES** | | |
| | 5848 | GAS CONSUMPTION (CUBIC FEET) | 0.25 | 1,462.00 |
| | 1 | SODA SORB | 100.00 | 100.00 |
| | | **VESSEL (GULMAR FALCON)** | | |
| | 31.14 | GALLONS LUBE USAGE | 10.86 | 338.18 |
| | 14024 | GALLONS WATER USAGE | 0.01600 | 224.38 |
| | 19 | UNITS OF SUBSISTENCE | 30.00 | 570.00 |
| 04/18/08 | | **$ 121,272.19**<br>**TOTAL DAY RATE FOR VESSEL, PERSONNEL, EQUIPMENT & TYPICAL** | | |
| | 1 | **DIVING CONSUMABLES** *(Excluding Job Specific Consumables)* | 119,000.00 | 119,000.00 |
| | | **CONSUMABLES** | | |
| | 4322 | GAS CONSUMPTION (CUBIC FEET) | 0.25 | 1,080.50 |
| | 2 | SODA SORB | 100.00 | 200.00 |
| | | **VESSEL (GULMAR FALCON)** | | |
| | 29.1 | GALLONS LUBE USAGE | 10.86 | 316.03 |
| | 6604.3 | GALLONS WATER USAGE | 0.01600 | 105.67 |
| | 19 | UNITS OF SUBSISTENCE | 30.00 | 570.00 |
| 04/19/08 | | **$ 121,868.74**<br>**TOTAL DAY RATE FOR VESSEL, PERSONNEL, EQUIPMENT & TYPICAL** | | |
| | 1 | **DIVING CONSUMABLES** *(Excluding Job Specific Consumables)* | 119,000.00 | 119,000.00 |
| | | **CONSUMABLES** | | |
| | 6074 | GAS CONSUMPTION (CUBIC FEET) | 0.25 | 1,518.50 |
| | 2 | SODA SORB | 100.00 | 200.00 |
| | | **VESSEL (GULMAR FALCON)** | | |
| | 40.94 | GALLONS LUBE USAGE | 10.86 | 444.61 |
| | 8477 | GALLONS WATER USAGE | 0.01600 | 135.63 |
| | 19 | UNITS OF SUBSISTENCE | 30.00 | 570.00 |
| | | | | **CONTINUED** |

| INVOICE TO: | | | | |
|---|---|---|---|---|
| | | | **INVOICE DATE:** May 19, 2008 | |
| | **SOI INVOICE NO.:** 10450-08 | | **TERMS:** NET 30 DAYS | |
| | **SOI JOB NO.:** 1199-0112 | | Invoices not paid within 30 days of invoice date will | |
| TARPON OPERATING & DEVELOPMENT, LLC | **SOI QUOTE NO.:** D-8078-08 | | accrue interest at a rate of 1.5% per month. | |
| 2000 DAIRY ASHFORD STREET | *ADDENDUM 3* | | **AFE NO.:** | |
| HOUSTON, TEXAS 77077 | | | **LOCATION:** WC 616 & SMI 195 | |
| ATTENTION: STEVE LOCKE | | | **VESSEL:** GULMAR FALCON | |

| DATE | QUANTITY | DESCRIPTION | UNIT | TOTAL |
|---|---|---|---|---|
| 04/20/08 | | **$ 121,443.13** | | |
| | | **TOTAL DAY RATE FOR VESSEL, PERSONNEL, EQUIPMENT & TYPICAL** | | |
| | 1 | **DIVING CONSUMABLES** *(Excluding Job Specific Consumables)* | 119,000.00 | 119,000.00 |
| | | | | |
| | | **CONSUMABLES** | | |
| | 4802 | GAS CONSUMPTION (CUBIC FEET) | 0.25 | 1,200.50 |
| | 2 | SODA SORB | 100.00 | 200.00 |
| | | | | |
| | | **VESSEL (GULMAR FALCON)** | | |
| | 34.34 | GALLONS LUBE USAGE | 10.86 | 372.93 |
| | 6231 | GALLONS WATER USAGE | 0.01600 | 99.70 |
| | 19 | UNITS OF SUBSISTENCE | 30.00 | 570.00 |
| | | | | |
| 04/21/08 | | **$ 120,613.67** | | |
| | | **TOTAL DAY RATE FOR VESSEL, PERSONNEL, EQUIPMENT & TYPICAL** | | |
| | 1 | **DIVING CONSUMABLES** *(Excluding Job Specific Consumables)* | 119,000.00 | 119,000.00 |
| | | | | |
| | | **CONSUMABLES** | | |
| | 3017 | GAS CONSUMPTION (CUBIC FEET) | 0.25 | 754.25 |
| | 2 | SODA SORB | 100.00 | 200.00 |
| | | | | |
| | | **VESSEL (GULMAR FALCON)** | | |
| | 2.91 | GALLONS LUBE USAGE | 10.86 | 31.60 |
| | 3613.4 | GALLONS WATER USAGE | 0.01600 | 57.81 |
| | 19 | UNITS OF SUBSISTENCE | 30.00 | 570.00 |
| | | | | |
| 04/22/08 | | **$ 120,234.68** | | |
| | | **TOTAL DAY RATE FOR VESSEL, PERSONNEL, EQUIPMENT & TYPICAL** | | |
| | 1 | **DIVING CONSUMABLES** *(Excluding Job Specific Consumables)* | 119,000.00 | 119,000.00 |
| | | | | |
| | | **CONSUMABLES** | | |
| | 367 | GAS CONSUMPTION (CUBIC FEET) | 0.25 | 91.75 |
| | 2 | SODA SORB | 100.00 | 200.00 |
| | | | | |
| | | **VESSEL (GULMAR FALCON)** | | |
| | 34.34 | GALLONS LUBE USAGE | 10.86 | 372.93 |
| | 19 | UNITS OF SUBSISTENCE | 30.00 | 570.00 |
| | | | | **CONTINUED** |

| | | | | |
|---|---|---|---|---|
| **INVOICE TO:** | | SOI INVOICE NO.: 10450-08 | **INVOICE DATE:** May 19, 2008 | |
| | | SOI JOB NO.: 1199-0112 | **TERMS:** NET 30 DAYS | |
| TARPON OPERATING & DEVELOPMENT, LLC | | SOI QUOTE NO.: D-8078-08 | Invoices not paid within 30 days of invoice date will | |
| 2000 DAIRY ASHFORD STREET | | ADDENDUM 3 | accrue interest at a rate of 1.5% per month. | |
| HOUSTON, TEXAS 77077 | | | **AFE NO.:** | |
| | | | **LOCATION:** WC 618 & SMI 195 | |
| **ATTENTION: STEVE LOCKE** | | | **VESSEL:** GULMAR FALCON | |

| DATE | QUANTITY | DESCRIPTION | UNIT | TOTAL |
|---|---|---|---|---|
| 04/23/08 | | **$ 120,135.18** | | |
| | | **TOTAL DAY RATE FOR VESSEL, PERSONNEL, EQUIPMENT & TYPICAL** | | |
| | 1 | **DIVING CONSUMABLES** *(Excluding Job Specific Consumables)* | 119,000.00 | 119,000.00 |
| | | **CONSUMABLES** | | |
| | 141 | GAS CONSUMPTION (CUBIC FEET) | 0.25 | 35.25 |
| | 2 | SODA SORB | 100.00 | 200.00 |
| | | **VESSEL (GULMAR FALCON)** | | |
| | 30.38 | GALLONS LUBE USAGE | 10.86 | 329.93 |
| | 19 | UNITS OF SUBSISTENCE | 30.00 | 570.00 |
| | | **THIRD PARTY CHARGES** | | |
| | 1 | PHARMA SAFE (1 MAN, 9 DAYS @ $636.00 PER DAY) | 5,724.00 | 5,724.00 |
| | 1 | C&C TECHNOLOGIES (2 SURVEYORS & EQUIPMENT, 18 DAYS @ $2,980.00 PER DAY) | 53,640.00 | 53,640.00 |
| 04/16/08 | 1.15 | A&M DOCKSIDE REPAIR, INC. INVOICE 4654 + 15% | 16,050.00 | 18,457.50 |
| 04/14/08 | 1.15 | HOS PORT, LLC INVOICE 33624 + 15% | 100.00 | 115.00 |
| 04/11/08 | 1.15 | HOS PORT, LLC INVOICE 33637 + 15% | 250.00 | 287.50 |
| 04/14/08 | 1.15 | HOS PORT, LLC INVOICE 33727 + 15% | 2,380.00 | 2,737.00 |
| 04/14/08 | 1.15 | HOS PORT, LLC INVOICE 33729 + 15% | 2,430.00 | 2,794.50 |
| 04/14/08 | 1.15 | HOS PORT, LLC INVOICE 33709 + 15% | 692.50 | 796.38 |
| 04/14/08 | 1.15 | HOS PORT, LLC INVOICE 33710 + 15% | 1,785.00 | 2,052.75 |
| 04/14/08 | 1.15 | HOS PORT, LLC INVOICE 33730 + 15% | 692.50 | 796.38 |
| 04/14/08 | 1.15 | HOS PORT, LLC INVOICE 33735 + 15% | 715.00 | 822.25 |
| 04/14/08 | 1.15 | HOS PORT, LLC INVOICE 33761 + 15% | 692.50 | 796.38 |
| 04/10/08 | 1.15 | SOUTHERN STEEL & SUPPLY INVOICE 159697 + 15% | 1,350.70 | 1,553.31 |
| 04/16/08 | 1.15 | SOUTHERN STEEL & SUPPLY INVOICE 402036 + 15% | 974.02 | 1,120.12 |
| 04/22/08 | 1.15 | VENTURE TRANSPORT LOGISTICS, LLC INVOICE 2689658 + 15% | 1,027.73 | 1,181.89 |
| 04/22/08 | 1.15 | VENTURE TRANSPORT LOGISTICS, LLC INVOICE 2689659 + 15% | 473.13 | 544.10 |
| 04/22/08 | 1.15 | VENTURE TRANSPORT LOGISTICS, LLC INVOICE 2689660 + 15% | 302.09 | 347.40 |
| 04/22/08 | 1.15 | VENTURE TRANSPORT LOGISTICS, LLC INVOICE 2689661 + 15% | 287.09 | 330.15 |
| 04/17/08 | 1 | SOI VAN TO TRANSPORT PERSONNEL INVOICE RR052 | 1,114.00 | 1,114.00 |

**TOTAL SOI INVOICE 10450-08: $   1,666,368.88**

TARPON OFFSHORE VENTURES, LP
HOUSTON, TEXAS 77077

| | | | VENDOR | CHECK DATE | | 3539 |
|---|---|---|---|---|---|---|
| | | | SU0573 | 07/22/08 | | |

| INVOICE NUMBER | INVOICE DATE | | | DISCOUNT TAKEN | AMOUNT PAID |
|---|---|---|---|---|---|
| 10450-08CC | 05/19/08 | 29256 | | $0.00 | $447,581.00 |
| | | | Total: | $0.00 | $447,581.00 |

SF4001BQTT-1SC

TO REORDER, CALL YOUR LOCAL SAFEGUARD DISTRIBUTOR AT 706-327-9550

HRWKVB0010000   G05SF009378

3539

ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER

3539

**TARPON OFFSHORE VENTURES, LP**
JOINT INTEREST ACCOUNT
2000 DAIRY ASHFORD, SUITE 578
HOUSTON, TEXAS 77077

COMPASS BANK
HOUSTON, TEXAS

35-1054/1130

CHECK NO.

003539

Pay ***************447,581 Dollars and 00 Cents

| DATE | AMOUNT |
|---|---|
| 07/22/08 | *****$447,581.00 |

TO THE
ORDER OF:

Superior Offshore Intl.
P.O. Box 62600
Dept.1394
New Orleans        LA 70162-2600

Stephen R. Roch

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK   TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH

**EXHIBIT**

**3**

⑈003539⑈ ⑆113010547⑆ 23159368⑈

**From:** Charles Sandel [charlessandel@tarponop.com]
**Sent:** Friday, October 10, 2008 11:13 AM
**To:** Wayne Rose; stevelocke@tarponop.com
**Cc:** djones@porterhedges.com
**Subject:** Superior Offshore - Tarpon

Wayne & Steve:

This is to confirm a discussion this morning between David Jones, lawyer representing Superior in bankruptcy, and me concerning settlement of outstanding amounts due on the invoice to Tarpon.

- Wayne Rose (713-418-7110) of Superior and Steve Locke of Tarpon (281-493-6336) will meet to discuss and agree upon any adjustments to the amount due because of payments made to third parties directly by Tarpon.

- Once agreement has been reached on the amount due: a) Tarpon will pay the amount to Superior; and b) Superior will obtain an order from the bankruptcy court to the effect that i) Tarpon is not liable for payment to third parties who were not paid by Superior, and ii) Superior has no claim against Gulmar for fuel onboard the Gulmar Falcon that was purchased directly by Tarpon.

I believe this is correct, but please speak up if I got something wrong.

Let me know if you have questions or need anything.

Thanks.

Charles

*Charles R. Sandel*
*Manager, Land & Legal*
*Tarpon Operating & Development, L.L.C.*
*2000 Dairy Ashford, Suite 578*
*Houston, Texas 77077*
*TEL (281) 759-0100*
*FAX (281) 493-6821*
*EMAIL charlessandel@tarponop.com*

**********CONFIDENTIALITY NOTICE**********
*The information in this e-mail may be confidential and/or privileged. This e-mail is intended to be reviewed only by the addressee. If you are not an intended recipient of this e-mail, you are hereby notified that any review, dissemination or copying of this e-mail and its attachments or the information contained herein is prohibited. If you have received this e-mail in error, please notify the sender immediately by return e-mail and delete this e-mail from your system. Thank you.*

Notice of Confidentiality:
This e-mail message and its attachments, if any, are intended solely for the use of the addressee hereof. In addition, this message and the attachments, if any, may contain information that is confidential, privileged and exempt from disclosure under applicable law. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating or otherwise using this transmission. Delivery of this message to any person other than the intended recipient is not intended to w privilege. If you have received this message in error, please promptly notify the sender by immediately delete this message from your system.

**EXHIBIT 4**

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

### AFFIDAVIT OF H. MALCOLM LOVETT, JR.
### IN SUPPORT OF SUIT ON SWORN ACCOUNT

Before me, the undersigned notary, on this day personally appeared H. Malcolm Lovett, Jr., a person whose identity is known to me.  Upon taking an oath, Mr. Lovett stated the following:

1.       "My name is H. Malcolm Lovett, Jr.   I am over 18 years of age, of sound mind and capable of making this affidavit.  I am the Plan Agent under the First Amended Joint Plan of Liquidation submitted by Superior Offshore International, Inc. (the "Debtor") and the Official Committee of Unsecured Creditors (the "Plan").  I have personal knowledge of the facts stated herein and they are true and correct.

2.       On April 4, 2008, the Debtor and Tarpon Operating and Energy, L.L.C. ("Tarpon") entered into a master service agreement under which the Debtor agreed to provide Tarpon with diving services and a support vessel in connection with Tarpon's offshore oil and gas business activities.  The Debtor's rates and charges for the Well-head Intervention Project are set forth in the proposal attached as **Exhibit 1** to this complaint.

3.       Tarpon has failed to pay the Debtor the sum of $1,218,787.88, which amount is due and owing for the equipment and services provided pursuant to the agreement between the parties.  The Debtor provided equipment and services to Tarpon on an open account of which a systematic record was kept.  Tarpon accepted the equipment and services and is liable to pay the Debtor for the charges incurred under the agreement.   The invoice attached as **Exhibit 2** represents the account of the series of transactions between the parties for which a systematic



EXHIBIT
5

record has been kept in the ordinary course of the Debtor's business. The account accurately sets forth the transactions between the Debtor and Tarpon.

    4.    The principal balance due the Debtor from Tarpon on the account is $1,218,787.88, after allowing for all lawful and just offsets, payments, and credits."

Further, Affiant sayeth not.



_____
H. Malcolm Lovett, Jr., Plan Agent

Sworn and subscribed before me on March 6, 2009.

_____
Notary Public in and for the State of Texas

DONNA L. EBELT
MY COMMISSION EXPIRES
DECEMBER 12, 2012